NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

YVETTE L., *Appellant*,

*v.*

DEPARTMENT OF CHILD SAFETY, N.R., D.R., J.R., *Appellees*.

No. 1 CA-JV 20-0006
FILED 8-11-2020

---

Appeal from the Superior Court in Maricopa County
No. JD35998
The Honorable David O. Cunanan, Judge

**VACATED AND REMANDED**

---

COUNSEL

Maricopa County Public Defender's Office, Phoenix
By Jamie R. Heller
*Counsel for Appellant*

Arizona Attorney General's Office, Tucson
By Cathleen E. Fuller
*Counsel for Appellee Department of Child Safety*

---

**MEMORANDUM DECISION**

Judge D. Steven Williams delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge David D. Weinzweig joined.

---

**W I L L I A M S**, Judge:

**¶1**        Yvette L. ("Mother") appeals the juvenile court's order severing her parental rights to her children, N.R., D.R., and J.R. (collectively the "Children"). We vacate the termination order, but remand because the dependency is ongoing.

## FACTUAL AND PROCEDURAL HISTORY

**¶2**        Mother and Osbaldo R.[1] ("Father") are the biological parents of the Children. In May 2018, Mother was arrested, incarcerated, and charged with federal felony offenses arising in New Mexico. Upon her release from custody in June 2018, Mother contacted police to report the Children missing. During the police and Arizona Department of Child Safety ("DCS") investigation, Mother recanted after remembering the Children were with their grandmother. Mother self-reported suffering from anxiety, depression, bipolar disorder, seizures, and acknowledged she faced the likelihood of future incarceration. Mother's erratic and seemingly impaired behavior led DCS to take temporary custody of the Children and file a dependency petition. The petition alleged Mother had neglected the Children due to her substance abuse and mental health issues and failed to provide for the Children's basic needs. The Children remained with grandmother who had been caring for them.

**¶3**        When Mother failed to appear for a pretrial conference in August 2018, the Children were adjudicated dependent. Thereafter, Mother's participation in reunification services was inconsistent. When Mother failed to appear at a review hearing in February 2019, the Guardian ad Litem ("GAL") requested a change in case plan to severance and adoption. The juvenile court granted the request, and the GAL filed a motion to terminate Mother's parental rights on the ground of

---

[1] Father's parental rights were terminated in the same proceeding when he entered a no contest plea, but he is not a party to this appeal.

abandonment. Mother spent additional time incarcerated in New Mexico through January 2019, and again towards the end of 2019 after violating the terms of her probation. While out-of-custody, Mother participated in counseling as a term of probation in her criminal case. Mother maintained somewhat regular contact with the Children, both during her incarceration, and once she was released from custody. Despite being unaware of Mother's whereabouts during much of 2019, DCS was aware of Mother's ongoing participation in counseling, as well as her contact with the Children.

¶4            The severance trial was held in December 2019. At the conclusion of the trial, and following closing arguments, the following exchange took place between the court and the GAL:

> [Court]: I think there's a time [in] care argument that has been made as well –- are you asking to amend your petition to reflect it to conform with the evidence that's been presented?
>
> [GAL]: I would so move, Your Honor.

¶5            Over Mother's objection, the court then amended the motion for termination to include a second ground for severance, namely a fifteen-month out-of-home placement ground. The juvenile court then terminated Mother's parental rights on the amended ground of fifteen-months in an out-of-home placement, as well as based upon the best interests of the Children. In a subsequent written order, issued two months later, the juvenile court added abandonment as a basis for termination. Mother timely appealed, and we have jurisdiction pursuant to A.R.S. §§ 8-235(A), 12-2101(A), and 12-120.21(A).

## DISCUSSION

¶6            We review a severance ruling for an abuse of discretion, accepting the court's factual findings unless clearly erroneous, *Mary Lou C. v. Ariz. Dep't of Econ. Sec.*, 207 Ariz. 43, 47, ¶ 8 (App. 2004), and viewing the evidence in the light most favorable to sustaining the court's ruling, *Manuel M. v. Ariz. Dep't of Econ. Sec.*, 218 Ariz. 205, 207, ¶ 2 (App. 2008). Because the juvenile court "is in the best position to weigh the evidence, observe the parties, judge the credibility of witnesses, and resolve disputed facts," we will affirm an order terminating parental rights if reasonable evidence supports the order. *Jordan C. v. Ariz. Dep't of Econ. Sec.*, 223 Ariz. 86, 93, ¶ 18 (App. 2009) (quoting *Ariz. Dep't of Econ. Sec. v. Oscar O.*, 209 Ariz. 332, 334, ¶ 4 (App. 2004)). "To justify termination of the parent-child relationship, the [juvenile] court must find, by clear and convincing evidence, at least one

3

of the statutory grounds set out in [A.R.S. §] 8-533," and find, by a preponderance of the evidence "that termination is in the best interest[s] of the child[ren]." *Michael J. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 246, 249, ¶ 12 (2000); *accord* Ariz. R.P. Juv. Ct. 66(C).

I.      *The Juvenile Court Erred in Amending the Motion for Termination at the Conclusion of Trial*

**¶7**          At the conclusion of trial, following closing arguments, the juvenile court inquired whether the GAL desired to amend the motion for termination to include the ground of fifteen months in an out-of-home placement as a basis for severance. *See* A.R.S. § 8-533(B)(8)(c). Once the court inquired, the GAL orally moved for the amendment, and, over Mother's objection, the court granted the same. Mother argues the GAL's motion to amend was untimely.

**¶8**          "Adequate notice is a fundamental element of due process." *Roberto F. v. Ariz. Dep't of Econ. Sec.*, 232 Ariz. 45, 55, ¶ 44 (App. 2013). And although a severance trial should "be as informal as the requirements of due process and fairness permit," Ariz. R.P. Juv. Ct. 66(D), "[d]ue process [also] requires prior notice of [allegations] so that the accused has a meaningful opportunity for explanation and defense," *Comeau v. Ariz. State Bd. of Dental Exam'rs*, 196 Ariz. 102, 108, ¶ 28 (App. 1999).

**¶9**          Here, the juvenile court seemingly suggested, and then granted, an amendment to the motion for termination after the presentation of all evidence and arguments had concluded. Consequently, Mother was given no advance notice of a fifteen month out-of-home placement allegation, or opportunity to defend against the same. Indeed, DCS concedes the error. Because the juvenile court violated Mother's due process rights by granting the amendment at the conclusion of trial, we vacate the court's order terminating Mother's parental rights based upon fifteen months in an out-of-home placement. *See Roberto F.*, 232 Ariz. at 55-56, ¶¶ 43-50 (holding the juvenile court violated a father's due process rights when it allowed the foster parents to amend the motion for termination to add a new ground on the fourth day of a five-day severance trial).

II.     *Abandonment*

**¶10**         Although DCS' dependency petition alleged neglect, substance abuse and mental health as grounds for the dependency, the GAL alleged only abandonment when seeking to terminate Mother's parental rights. Section 8-531(1) defines abandonment as:

> [T]he failure of a parent to provide reasonable support and to maintain regular contact with the child, including providing normal supervision. Abandonment includes a judicial finding that a parent has made only minimal efforts to support and communicate with the child. Failure to maintain a normal parental relationship with the child without just cause for a period of six months constitutes prima facie evidence of abandonment.

¶11 At the conclusion of the severance trial, the juvenile court made findings based upon the dependency allegations, as opposed to the motion for termination, namely: (1) neglect, (2) substance-abuse and (3) mental-health. The court, however, did not address abandonment, the only properly-alleged ground for severance.

¶12 Neither the GAL, who filed the motion for termination, nor DCS who joined in the motion, noted the court's omission or requested findings regarding abandonment. The court directed the GAL to file proposed findings of fact and conclusions of law within "ten days of [the December 4, 2019 severance trial]."

> Counsel, I am going to order that the –- Counsel provide written findings of fact and conclusions of law to the Court with[in] ten days of today's date. Please circulate those to the other parties as well for their approval or if they have any modifications they wish to make the Court aware of.

¶13 Two months later, on February 5, 2020, the GAL filed the proposed findings of fact and conclusions of law, a four-page document. The court endorsed the proposed order the following day and it was filed with the clerk's office on February 11, 2020. The order is only partially consistent with the findings made at trial. Specifically, the written order: (1) omits any reference to neglect or substance abuse findings the court made at trial, (2) includes findings the court made about the fifteen months in an out-of-home placement ruling, and (3) adds a conclusion of law addressing abandonment, which the court did not make nor did the court address. Even then, there are no findings of fact, let alone the specific findings of fact required for abandonment. *See* Ariz. R.P. Juv. Ct. 66(F)(2)(a) (providing that "[a]ll findings and orders shall be in the form of a signed order or set forth in a signed minute entry" and, if the movant met its burden of proof, "the court shall . . . [m]ake specific findings of fact in support of the termination of parental rights and grant the motion or petition for termination").

**¶14** The order entered by the court makes no findings of fact addressing abandonment. Indeed, the only findings of fact in the order describe the parties and that Mother was served with the motion for termination through her attorney. The conclusions of law paraphrase and address the statutory ground of abandonment. But such minimal conclusions of law cannot save inadequate, but required, findings of fact. *See id.*

**¶15** Here, the GAL's proposed order, which the court then entered, does not accurately reflect the court's findings made at trial and does not make the findings of fact required for abandonment. Accordingly, the record lacks the required specific findings to support the termination of Mother's parental rights. We, therefore, vacate the severance order and remand for further proceedings.

## CONCLUSION

**¶16** We vacate the juvenile court's order terminating Mother's parental rights to the Children, but remand because the dependency is ongoing.



AMY M. WOOD • Clerk of the Court
FILED:    AA